United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wildalia Hernandez, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 24-24341-Civ-Scola |
| Cervera Real Estate, Inc., | ) |
| Defendant. | ) |

**Order Granting Motion to Compel Arbitration and Motion to Dismiss**

This matter comes before the Court on the Defendant Cervera Real Estate, Inc.'s motion to compel arbitration and motion to dismiss. (Mot., ECF No. 8.) The Plaintiff Wildalia Hernandez responded opposing the motion (Resp., ECF No. 11), and the Defendant replied. (Reply, ECF No. 17). Having considered the parties' briefings, the record, and the relevant legal authority, the Court **grants** Defendant's motion. (**ECF No. 8**.)

### 1. Background

Plaintiff Wildalia Hernandez seeks relief under the Fair Labor Standards Act ("FLSA") for unpaid minimum wage and overtime payments she claims Defendant Cervera Real Estate, Inc. ("Cervera") owes her. (Compl., ECF No. 1.) In response, Cervera has moved to compel arbitration and dismiss this case. (Def.'s Mot., ECF No. 8.) In support Cervera cites the Independent Contractor Agreement (the "Agreement") between Cervera and Hernandez that contains an arbitration clause. (Ex. 1 ¶ 7, ECF No. 1.)

Hernandez does not dispute that she signed the Agreement. (ECF No. 11.) Nor does she argue that her FLSA claim is not arbitrable or that the arbitration clause is legally unenforceable. (*Id.*) Instead, she challenges only the formation of the agreement to arbitrate. (*Id.*) She asserts that she did not agree to the arbitration clause in the dispute resolution provision of the Agreement because she did not check the box that precedes the arbitration clause. (*Id.*) To accurately depict the dispute resolution clause, it is reproduced in its original form below:

7. **Dispute Resolution:** This Agreement will be construed under Florida law. All disputes between **Associate** and another associate in **Broker's** firm will be resolved by **Broker**. All disputes between **Broker** and **Associate** will be mediated under the rules of the **American Arbitration Association** or other mediator agreed upon by the parties. The parties will equally divide the mediation fee, if any. In any litigation between **Broker** and **Associate**, the prevailing party will be entitled to recover reasonable attorneys' fees and costs at all levels, unless the following box is checked: ☐**Arbitration:** Any dispute not resolved by mediation will be settled by neutral binding arbitration in accordance with the rules of the American Arbitration Association or other arbitrator agreed upon by the parties. Each party to any arbitration or litigation (including appeals and interpleaders) will pay its own fees, costs, and expenses, including attorneys' fees at all levels, and will equally split the arbitrators' fees and administrative fees of arbitration.

(Ex. 1 ¶ 7, ECF No. 1.) Because the box remains unchecked, Hernandez argues she did not agree to arbitrate. (ECF No. 11.)

In contrast, Cervera asserts however that the unchecked box relates only to the attorneys' fees provision that comes before it. (ECF No. 17 at 2.) The attorneys' fees provision states: "In any litigation between Broker and Associate, the prevailing party will be entitled to recover reasonable attorneys' fees and costs at all levels, unless the following box is checked." (Ex. 1 ¶ 7, ECF No. 1.) Cervera argues the arbitration clause that follows the box is not contingent upon the box being checked; the box being unchecked only means the parties agreed that the prevailing party in any litigation will be entitled to recovery reasonable attorneys' fees and costs. (ECF No. 17 at 2.) The Court agrees.

### 2. Legal Standard

The Eleventh Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 229 F. Supp. 3d 1284, 1292 (S.D. Fla. 2017) (Moreno, J.) (cleaned up). Accordingly, in ruling on a motion to compel arbitration, the Court may consider matters outside of the four corners of the complaint. *Id.* (cleaned up).

"Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of arbitration agreements." *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (cleaned up). Whether an arbitration agreement exists is "simply a matter of contract." *Bazemore v. Jefferson Cap. Sys.*, LLC, 827 F.3d 1325, 1329 (11th Cir. 2016) (cleaned up). The Federal Arbitration Act ("FAA") creates a presumption of arbitrability, but that presumption does not apply to disputes over whether an agreement to arbitrate exists. *Id.*

Courts employ a summary judgment standard on motions to compel arbitration and may conclude parties did or did not enter into an arbitration agreement as a matter of law only if "there is no genuine dispute as to any material fact" concerning the formation of such an agreement. *Id.* at 1333 (cleaned up).

### 3. Analysis

The Agreement provides that it "will be construed under Florida law." (Ex. 1 ¶ 7, ECF No. 1.) Under Florida Law, interpretation of an unambiguous contract is a question of law. *John M. Floyd & Assocs., Inc. v. First Fla. Credit Union*, 443 F. App'x 396, 398 (11th Cir. 2011) (citing *PNC Bank, N.A. v. Progressive Emp'r Servs. II,* 55 So. 3d 655, 658 (Fla. 4th DCA 2011)). However, if a contract is

ambiguous, it creates an issue of fact that cannot be disposed of under a summary judgment standard. *Id.* (citing *Talbott v. First Bank Fla.*, 59 So. 3d 243, 244 (Fla. 4th DCA 2011)).

A contract is ambiguous where it "is susceptible to two different interpretations, each one of which is **reasonably** inferred from the terms of the contract." *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252 (11th Cir. 2008) (quoting *Com. Cap. Res., LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007)) (emphasis added). However, if the interpretation urged by one party is unreasonable in light of the contract's plain language, the contract is not ambiguous. *Id.*

The Agreement is unambiguous. Hernandez's interpretation is unreasonable in light of the contract's plain language. The Agreement explicitly states that the unchecked box relates to attorneys' fees, not the arbitration clause. (Ex. 1 ¶ 7, ECF No. 1) ("In any litigation between Broker and Associate, the prevailing party will be entitled to recover reasonable attorneys' fees and costs at all levels, **unless the following box is checked**.") (emphasis added). In contrast, the arbitration clause contains no reference to the box that precedes it:

> Any dispute not resolved by mediation will be settled by neutral binding arbitration in accordance with the rules of the American Arbitration Association or other arbitrator agreed upon by the parties. Each party to any arbitration or litigation (including appeals and interpleaders) will pay its own fees, costs, and expenses, including attorneys' fees at all levels, and will equally split the arbitrators' fees and administrative fees of arbitration.

(*Id.*) The unchecked box, therefore, does not represent that Hernandez did not agree to arbitrate; instead, it indicates that the prevailing party will be entitled to recover reasonable attorneys' fees and costs. The Agreement thus unambiguously includes an arbitration clause, and Hernandez assented to the Agreement.

Additionally, the dispute resolution clause refers "**[a]ll** disputes" to mediation and "[**a]ny** dispute not resolved by mediation" to arbitration. (*Id.*) (emphasis added). Thus, the present dispute blatantly falls within the scope of an enforceable arbitration agreement. *See Jimenez v. ViaCord, LLC*, No. 21-61805-CIV, 2022 WL 4271337, at *5 (S.D. Fla. Sept. 15, 2022) (Singhal, J.) (finding an arbitration agreement for "[a]ll questions, disputes or differences" between the parties to be unambiguous and enforceable).

Cervera asks the Court to dismiss the present case. Last year, the United States Supreme Court held that, pursuant to the Section 3 of the FAA, a district court must issue a stay when a party requests a stay rather than

dismissing the case. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). However, this only applies when a party "requests a stay pending arbitration[.]" *Id.*; *see also Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 617 (7th Cir. 2024) ("*Spizzirri* merely held that a district court must issue a stay (rather than dismiss a case) when a party requests a stay under § 3."). The Court can therefore dismiss this case without prejudice. *See Mejia v. Viacord, LLC*, No. 24-CV-60060-PCH, 2024 WL 4290713, at *3 (S.D. Fla. Mar. 1, 2024) (Huck, J.) (dismissing case upon granting motion to compel where arbitration agreement was broad enough to cover all of the plaintiff's claims).

### 4. Conclusion

Cervera's motion to compel arbitration and to dismiss is **granted**. (**ECF No. 8**.) The parties shall mediate and arbitrate this matter consistent with the parties' Agreement. Plaintiff's complaint is **dismissed without prejudice**. (**ECF No. 1**.) The Clerk of Court is directed to administratively **close** this case.

**Done and ordered** at Miami, Florida on January 27, 2025.

Robert N. Scola, Jr.
United States District Judge